NOT DESIGNATED FOR PUBLICATION

No. 121,775

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUWAN D. TOLES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed April 24, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Juwan Toles appeals the district court's decision to send him to prison after he violated several conditions of his probation. But the court had discretion to do that, rather than giving Toles another chance at probation, because he received a downward dispositional departure and admitted that he had committed a new crime while on probation.

When a district court's decision is discretionary, we generally can reverse it only if no reasonable person would agree with it. Toles had received second and third chances at probation after previous violations, so a reasonable person could agree with the court that he was not taking the probation seriously and was not a good candidate for continued probation. We therefore affirm the district court's judgment.

On appeal, Toles argues that the district court abused its discretion by revoking probation and ordering him to serve his underlying 27-month prison sentence. Under the general rule that applies here, the district court's decision to revoke probation must be based on a factual finding that the defendant violated a condition of probation. Once a violation has been established, the decision to revoke probation is within the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is limited by the statute governing probation revocation, which the Legislature recently amended. L. 2019, ch. 59, § 10. The amendment took effect on July 1, 2019, a few months after Toles' violations. Our court has explained in other cases how the amendment changed the probation-revocation process. E.g., *State v. Bubeck*, No. 121,401, 2020 WL 1074699, at *2 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* March 30, 2020. There's no need to discuss those changes here, however, because neither party suggests that the new version of the statute applies.

Under the earlier version, the district court had to impose intermediate sanctions before ordering the defendant to serve the underlying prison term. K.S.A. 2018 Supp. 22-3716(b)-(c). But no sanctions were required if the defendant received probation as a result of a dispositional departure or committed a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A), (c)(9)(B). Those exceptions applied here. Toles received probation from a dispositional departure: although the presumed punishment for his crimes under the sentencing guidelines was imprisonment, the court had granted probation instead. And Toles admitted that he had violated probation by committing a new crime, failing to register as a violent offender under K.S.A. 2018 Supp. 22-4902(b)(2).

2

Since no intermediate sanctions were required, we review the district court's decision to revoke probation and impose the underlying sentence for abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Toles alleges no factual or legal error in the district court's decision. So he must show that it was unreasonable.

Toles says that it was unreasonable because the court essentially punished him twice for his new crime. For that crime, Toles received a two-year prison sentence. He says it was unreasonable for the court also to impose his underlying prison sentence in this case for that same conduct because doing so served no rehabilitative purpose.

But the court didn't doubly punish Toles for his new crime. The two-year prison sentence he received punished his failure to register as a violent offender, which is a separate crime in Kansas. See K.S.A. 2018 Supp. 22-4903. The prison sentence imposed here, on the other hand, addressed his failure to follow his probation conditions in a separate criminal case for which he had already been convicted. It was not unreasonable for the court to impose the underlying sentence for a probation violation based on Toles' new crime because, as noted above, a statute explicitly allowed the court to do just that. K.S.A. 2018 Supp. 22-3716(c)(8)(A). In short, it was not unreasonable for the court to both punish Toles for his new crime and send him to prison for a probation violation based on that new crime.

Toles alleges no other reason that the court's decision was unreasonable. This was his third violation. He had violated probation twice already by missing required appointments, not verifying his employment, and testing positive for drug use. For these violations, the district court had imposed a 2-day jail sanction and a 180-day prison sanction with extended probation. When Toles admitted to a third violation, a reasonable person could agree with the district court that he was not taking his second and third

3

chances seriously and was not a good candidate for continued probation. So we find no abuse of discretion in the district court's decision to revoke Toles' probation and impose his 27-month prison sentence.

On Toles' motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court and find no error in its decision to revoke Toles' probation.

We affirm the district court's judgment.